**Norfolk**

JAMES HENRY PITTMAN

V.

COMMONWEALTH OF VIRGINIA

No. 2054-91-1

Decided September 7, 1993

COUNSEL

Sydney K. L. West (Horne, West & McMurtrie, P.C., on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION ·

**WILLIS, J.**—On appeal from his felony conviction of a third or subsequent offense of concealing merchandise in violation of Code §§ 18.2-103 and 18.2-104(b), James Henry Pittman contends that the trial court erred (1) in admitting into evidence orders reflecting six prior convictions of larceny, and (2) in reading to the jury the indictment, which specified the same six prior convictions. We find no error and affirm the judgment of the trial court.

On May 19, 1991, a 7-11 store manager noticed Pittman stealing cigarettes. At first, Pittman denied taking anything. Upon repeated demand by the store manager, Pittman produced four cartons of cigarettes, which were stuffed underneath his shirt, and left the store. Upon taking an inventory, the manager of the 7-11 could not account for sixteen cartons of cigarettes.

Code § 18.2-104(b) provides in pertinent part:

Any person convicted of an offense under § 18.2-103, . . . a third, or any subsequent offense, . . . shall be guilty of a Class 6 felony.

The trial court received into evidence certified copies of six prior larceny convictions suffered by Pittman. Pittman contends that the Commonwealth was required to prove only two prior convictions and that it should have been limited to that level of proof. He argues that proof of the other four prior convictions had no probative value, because it added nothing to the proof of his guilt, and that proof of those other offenses served only to prejudice him in the eyes of the jury. We disagree.

First, we note that the relevant portion of Code § 18.2-104(b) addresses not merely third offenses, but "a third, or any subsequent offense." This language plainly recognizes offenses that are subsequent to the third. Furthermore, the statute does not provide merely penalty

enhancement. Rather, it makes a third or subsequent offense a felony, invoking the various legal implications of a felony conviction. Thus, a crime that on the first or second commission is a misdemeanor, becomes a felony upon proof of the additional element of its commission being a third or subsequent such occurrence.

■ We recognize the general rule that evidence of other crimes is inadmissible if relevant only to show a probability of guilt or a propensity for criminal conduct. *See Kirkpatrick v. Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); *Sutphin v. Commonwealth,* 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). However, this rule is subject to the exception that evidence of other crimes is properly received if it is relevant and probative of an issue on trial, such as an element of the offense charged or the required predicate for enhanced punishment. *See Farmer v. Commonwealth,* 10 Va. App. 175, 179, 390 S.E.2d 775, 776-77 (1990), *aff'd on reh'g,* 12 Va. App. 337, 404 S.E.2d 371 (1991) (en banc).

■ The Commonwealth, bearing the burden of proof, is entitled to prove its case by evidence that is relevant, competent, and material.

> The Commonwealth . . . is not obliged to enter into an agreement whereby it is precluded from putting on its evidence simply because the defendant is willing to make a qualified stipulation. The trial court correctly ruled that the Commonwealth was entitled to prove the indictment, and the evidence of [the defendant's] prior conviction for robbery, was properly received for that purpose. [The defendant's] willingness to stipulate does nothing to change that conclusion.

*Hudson v. Commonwealth,* 9 Va. App. 110, 112, 383 S.E.2d 767, 768 (1989) (citing *Glover v. Commonwealth,* 3 Va. App. 152, 162, 348 S.E.2d 434, 441 (1986), *aff'd,* 236 Va. 1, 372 S.E.2d 134 (1988)). An accused cannot by stipulation limit the Commonwealth's right to prove its case. It follows that an accused cannot, without stipulation of guilt, require the Commonwealth to pick and choose among its proofs, to elect which to present and which to forego.

To prove the charge set forth in the indictment, the Commonwealth was obliged to prove that Pittman was guilty of a third or subsequent offense. Evidence of the third, fourth, fifth, and sixth prior offenses tended to prove that he was guilty of an offense subsequent to the third, a crime defined by the statute and charged in the indictment. Furthermore, the Commonwealth was not obliged to have faith that

the jury would be satisfied with any particular one or more of the items of proof. Therefore, it was entitled to utilize its entire arsenal. The trial court did not err in receiving proof of the six prior convictions.

Pittman next contends the trial court erred in reading to the jury the indictment, which specified his six prior convictions. He argues that the reading of this specification served only to prejudice him in the eyes of the jury. We disagree.

The indictment set forth the charge to be tried. It set forth the elements of that charge as specified by the statute. The reading of the indictment served only the purpose of informing the jury of the nature of the charge before it for trial and of the elements that the Commonwealth intended to prove. Those elements were proper subjects of proof. The reading of the indictment caused no improper prejudice to Pittman.

The judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Bray, J., concurred.