Alexandria
RAYMOND E. DOTSON
v.
COMMONWEALTH OF VIRGINIA
No. 2411-92-4
Decided June 14, 1994

COUNSEL

John K. Bancroft, for appellant.

Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—In this criminal appeal, we hold that the language in Code § 18.2-248(C) authorizing enhanced punishment "[u]pon a second or subsequent conviction" does not limit the number of convictions the Commonwealth may prove in order to establish that there has been a "second or subsequent conviction." Accordingly, we affirm the trial court.

Raymond Dotson was convicted by a jury for violating Code § 18.2-248(C) by knowingly distributing cocaine after having previously been convicted twice of cocaine distribution. At Dotson's trial, over his objection, Investigator Howell testified that Dotson had been arrested for distributing cocaine twice before and pled guilty to the two offenses. Dotson objected to the testimony and admission into evidence of two previous offenses, arguing under Code § 18.2-248(C), the Commonwealth is only required and may only prove one prior conviction.

 Code § 18.2-248(C) provides that a defendant may receive an enhanced punishment for distributing a schedule I or II controlled substance "[u]pon a *second or subsequent conviction* of such a violation."[1] (emphasis added.) Even though the defendant "is entitled to the benefit of any reasonable doubt concerning the statute's construction," *Harward v. Commonwealth*, 229 Va. 363, 365, 330 S.E.2d 89, 90 (1985), "the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction," *Turner v. Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

---

[1] Code § 18.2-248(C) provides in full,

Any person who violates this section with respect to a controlled substance classified in Schedule I or II shall upon conviction be imprisoned for not less than five nor more than forty years and fined not more than $500,000. Upon a second or subsequent conviction of such a violation, any such person may, in the discretion of the trial court or jury imposing the sentence, be sentenced to imprisonment for life or for any period not less than five years and be fined not more than $500,000.

■ The defendant contends that the words "upon a second or subsequent conviction" limit the Commonwealth to proving only one prior conviction. If the General Assembly had wished to limit the number of prior convictions to be considered by the jury under Code § 18.2-248(C), it could have done so expressly. *See Scott v. Commonwealth*, 217 Va. 425, 428, 230 S.E.2d 236, 238 (1976). When the General Assembly uses different terms in the same section, each word is presumed to have a different meaning. *Klarfeld v. Salsbury*, 233 Va. 277, 284-85, 355 S.E.2d 319, 323 (1987). By using the term "second or subsequent conviction," the General Assembly means something more than just a "subsequent" conviction. We believe the clear intent of the legislature is to enhance punishment by proving that there has been a second conviction, or if more than a "second," then such "subsequent" convictions as there have been.

This Court has recently held that the language "a third, or any subsequent offense"[2] in Code § 18.2-104(b) "addresses not merely third offenses, but . . . [also] plainly recognizes offenses that are subsequent to the third." *Pittman v. Commonwealth*, 17 Va. App. 33, 34, 434 S.E.2d 694, 695 (1993). In *Pittman*, we upheld the ruling that permitted the Commonwealth to prove all six of the defendant's prior offenses. *Id.*

Likewise, the language "second or subsequent conviction" "plainly recognizes" convictions that are subsequent to the first and second. *Id.* The *Pittman* rationale controls our decision here. The legislature intended to enhance the punishment in the same manner for a "second or subsequent conviction" for multiple violations of Code § 18.2-248, the same as it did for enhancing punishment for "a third, or any subsequent offense" in violation of Code § 18.2-104(b).

■ Furthermore, "[t]he general rule [of *Kirkpatrick v. Commonwealth*, 211 Va. 269, 176 S.E.2d 802 (1970)] that evidence of other crimes is inadmissible . . . is subject to the exception that evidence of other crimes is properly received if it is relevant and probative of an issue on trial, such as . . . the required predicate

---

[2] Code § 18.2-104(b) provides in pertinent part,
"Any person convicted of an offense under Code § 18.2-103 [concealing or taking possession of merchandise] . . . [upon] a third, or any subsequent offense, . . . shall be guilty of a Class 6 felony."

for enhanced punishment." *Pittman*, 17 Va. App. at 35, 434 S.E.2d at 695. *See also Calfee v. Commonwealth*, 215 Va. 253, 255, 208 S.E.2d 740, 741 (1974). Because the Commonwealth could not know which, if either, of the prior distribution convictions the jury might accept or might be challenged, "it was entitled to utilize its entire arsenal" to satisfy the requirements of § 18.2-248(C). *See Pittman*, 17 Va. App. at 35-36, 434 S.E.2d at 696.

Accordingly, the trial court did not err by admitting testimony that Dotson had been twice arrested and pled guilty to both charges of distributing cocaine.[3]

*Affirmed.*

Fitzpatrick, J., and Hodges, S.J.,* concurred.

---

[3] In order to minimize prejudice to the appellant, the trial court did not allow the Commonwealth to admit the appellant's conviction orders for the prior two offenses because they contained sentencing information. We do not need to address whether the admission of the orders would have been prejudicial.

* Retired Judge William H. Hodges took part in the consideration of this case by designation pursuant to Code § 17-116.01.