## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Ricardo Berry

June 23, 1995

Case Nos. (Criminal) 88225 and 88226

BY JUDGE ARTHUR B. VIEREGG, JR.

On May 19, 1995, this Court heard argument with regard to the Defendant's motion *in limine*. The Court took under advisement the issue of whether the Commonwealth is precluded from introducing evidence of the Defendant's prior convictions for the distribution of cocaine at the guilt phase of his trial in the captioned case. The Commonwealth contends that the Defendant was indicted for a second or subsequent offense of distribution and that, accordingly, it should be permitted to introduce the prior convictions during the guilt phase of the trial because they are alleged in the indictment in the case.

The general rule in Virginia is that evidence of prior crimes is not admissible. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 176 S.E.2d 802 (1970). This rule reflects the recognition of the courts of this Commonwealth that evidence of prior crimes may prejudicially affect a jury's deliberations with regard to whether or not a defendant is guilty of the charge being tried. However, this rule is qualified by certain exceptions.

> We recognize the general rule that evidence of other crimes is inadmissible if relevant only to show a probability of guilt or a propensity of criminal conduct . . . However, this rule is subject to the exception that evidence of other crimes is properly received if it is relevant and probative of an issue on trial, such as an element of the offense charged or the required predicate for enhanced punishment.

*Pittman v. Commonwealth*, 17 Va. App. 33, 434 S.E.2d 694 (1993) (citations omitted); *see also Dotson v. Commonwealth*, 18 Va. App. 465, 445 S.E.2d 492 (1994).

After reviewing a transcript of the argument and the authorities submitted by counsel, the Court is prepared to decide the issue before it. The Court would observe that the Defendant's trial will be conducted pursuant to the bifurcated procedures mandated by the General Assembly in Virginia Code § 19.2-295.1, which took effect on July 1, 1994. Prior to the adoption of that statute, Virginia employed a unitary trial proceeding pursuant to which guilt and sentencing were determined in one trial. *See Johnson v. Commonwealth*, 208 Va. 481, 158 S.E.2d 725 (1968) (holding that unitary trial system is constitutional). Because in a unitary trial the jury was entitled to receive evidence of prior convictions in connection with sentencing, the Commonwealth was permitted to introduce such evidence, even though it resulted in the jury having the evidence before it when it made the determination of guilt. *See Pittman, supra*. However, since the General Assembly has now established a bifurcated system, the practical necessity facing the Commonwealth of having to introduce evidence of prior convictions at the guilt phase has been eliminated. Furthermore, since the Commonwealth is not required to indict a defendant for a second or subsequent distribution in order for the enhanced penalties of Virginia Code § 18.2-248(C) to be applied, *Patterson v. Patterson*, 17 Va. App. 644, 440 S.E.2d 412 (1994), the Commonwealth's argument that it should be permitted to prove the allegations in its indictment is unpersuasive. As the Court declared in *Patterson* and as the language of the second sentence of § 18.2-248(C) plainly indicates, the enhanced penalties are simply sentencing considerations.

Although there is apparently no Virginia appellate decision squarely on point, since the Commonwealth has not argued that proof of the defendant's prior distribution convictions is admissible as an exception to the general rule that proof of prior crimes is inadmissible, this Court grants the defendant's motion *in limine* precluding the Commonwealth from introducing such prior conviction evidence during the guilt phase of the defendant's trial in the captioned cases.