COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


JOHNNY WAYNE LAFORCE
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1557-96-3      JUDGE RICHARD S. BRAY
                                         MAY 6, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF DICKENSON COUNTY
                 Donald A. McGlothlin, Jr., Judge

         Joe H. Short for appellant.

         Thomas D. Bagwell, Senior Assistant Attorney
         General (James S. Gilmore, III, Attorney
         General, on brief), for appellee.


     Johnny Wayne LaForce (defendant) was convicted by a jury for

possession of a firearm by a felon and maliciously shooting at an

occupied vehicle.  On appeal, defendant complains that the trial

court erroneously (1) permitted the Commonwealth to introduce

eight prior felony convictions as evidence of the single

conviction requisite to the possession offense, and (2) found the

evidence sufficient to support the malicious shooting charge.  We

disagree and affirm the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## ADMISSIBILITY OF MORE THAN ONE PRIOR CONVICTION

A conviction for violation of Code § 18.2-308.2 requires proof that the accused knowingly and intentionally possessed a firearm while a convicted felon.  Although evidence of other crimes generally is inadmissible in the guilt phase of a criminal prosecution, such evidence is "properly received if it is relevant and probative of an issue on trial, such as an element of the offense charged."  Pittman v. Commonwealth, 17 Va. App. 33, 35, 434 S.E.2d 694, 695 (1993).  Thus, defendant's prior felony record was necessary and admissible evidence incidental to prosecution of the instant possession offense.

In Pittman, the accused had been indicted for "a third or subsequent offense" of larceny in violation of former Code § 18.2-104(b), and the Commonwealth was permitted to prove six prior predicate convictions.  17 Va. App. at 34, 434 S.E.2d at 695.  In approving such evidence, we noted that "the Commonwealth was not obliged to have faith that the jury would be satisfied with any particular one or more of the items of proof. Therefore, it was entitled to utilize its entire arsenal," and defendant could not "limit the Commonwealth's right to prove its case" by a stipulation.  Id. at 35-36, 434 S.E.2d at 696.

Defendant insists that Pittman is distinguishable because the statute then at issue required proof of "a third[] or any subsequent offense," id. at 34, 434 S.E.2d at 695, while the instant statute necessitated proof only of a single prior

violation.  However, when tested by our reasoning in <u>Pittman</u>, this argument relies upon a distinction without a difference. Defendant's contention that the bifurcated procedure in felony trials precludes introduction of prior convictions in the guilt phase is also without merit.  <u>See</u> <u>Berry v. Commonwealth</u>, 22 Va. App. 209, 213-14, 468 S.E.2d 685, 687 (1996); <u>Farmer v. Commonwealth</u>, 10 Va. App. 175, 179-80, 390 S.E.2d 775, 776-77 (1990), <u>aff'd</u> <u>on</u> <u>reh'g</u>, 12 Va. App. 337, 404 S.E.2d 371 (1991) (<u>en</u> <u>banc</u>).

The trial court, therefore, correctly allowed the Commonwealth to introduce evidence of the multiple convictions as proof of an element of the instant offense.

## SUFFICIENCY OF THE EVIDENCE ON THE CHARGE OF

## SHOOTING AT AN OCCUPIED VEHICLE

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  <u>See</u> <u>Traverso v. Commonwealth</u>, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).  The jury's verdict will not be disturbed unless plainly wrong or without evidence to support it.  <u>See</u> <u>id.</u>  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  <u>See</u> <u>Long v. Commonwealth</u>, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Here, defendant had repeatedly threatened to kill Teresa Jessie and was angered when Jessie and Jeanette Neece refused to

stay overnight at his home.  Later, while driving Jessie's car, Neece observed defendant walking along the road, with a "gun down by his side."  She had seen defendant with a "black pistol" earlier in the day and "just panicked" and stopped the car.  When defendant "pointed [the gun] . . . right between her eyes," she "mash[ed] the gas . . . to the floor," sped away, and "shots went to firing."

Neece proceeded directly to Trooper Jessee's nearby home. Jessee had also heard gunshots and was "just leaving his home" to investigate when he encountered the two women, "very frightened. Distraught."  Teresa Jessie "grabbed [Trooper Jessee] around [his] legs at the ankle[s]" and said, "Help us! . . . [Johnny LaForce is] going to kill us."  Trooper Jessee's inspection of the vehicle revealed a "perfectly circumferenced" indentation on the rear bumper which he attributed to a bullet from a handgun.

Defendant denied involvement in the shooting, but admitted subsequent flight and hiding from police, conduct suggestive of guilt.  See, e.g., Schlimme v. Commonwealth, 16 Va. App. 15, 18, 427 S.E.2d 431, 433 (1993).

Thus, notwithstanding conflicts in the evidence, the fact finder found sufficient evidence to convict defendant of the offense, a conclusion with ample support in the record.

Accordingly, we affirm both convictions.

Affirmed.

- 4 -