COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Elder
Argued at Alexandria, Virginia


CLARENCE LINWOOD BOWEN
                                              OPINION BY
v.        Record No. 1692-97-4    JUDGE JERE M. H. WILLIS, JR.
                                             MAY 19, 1998
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Dennis J. Smith, Judge

        Richard E. Gardiner for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.



        Clarence Linwood Bowen contends that the evidence is

insufficient to support his conviction of a second offense of

stalking.  He argues that Code § 18.2-60.3 requires proof that he

had actual knowledge that his conduct would place the victim in

reasonable fear of death, criminal sexual assault, or bodily

injury.  Because the trial court misinterpreted the statute, we

reverse and remand the case.  We do not reach the sufficiency of

the evidence.

                                I.

        In 1991, the complainant, D.M., ended an abusive

relationship with Bowen.  Bowen was subsequently convicted of

unlawfully wounding D.M. with a knife.  In 1994, he was convicted

of stalking D.M. and was ordered to have no further contact with

her.

        Between March 15 and April 15, 1997, D.M. saw Bowen walking

repeatedly on the street in front of her apartment.  Bowen testified that he was merely walking between his residence and the hospital.  On April 14, 1997, Bowen tied a scarf on the antenna of D.M.'s automobile.  The following day, he went to her apartment.  When she opened her door, she saw him standing there, holding a telephone.  She closed the door and called the police.  After kicking the door, Bowen left.  D.M. testified that Bowen's actions, in light of his prior conduct, placed her in fear of death or bodily injury.

Bowen testified that he did not intend to place D.M. in fear, and did not know she was afraid of him.  He testified that he went to her apartment on April 15 to deliver flowers and a telephone.  He testified that a friend of D.M.'s had told him that D.M. was upset with him because he had not contacted her at Easter.  He testified that he and D.M. had dined together in the fall of 1996.  However, D.M. denied having dined with Bowen or having invited him to her home since 1991.

The trial court tried the case without a jury and convicted Bowen of a second offense of stalking.  Code § 18.2-60.3.  The order of conviction, entered June 19, 1997, provided, in pertinent part:

> In consideration of the evidence heard and argument of Counsel, the Court found the Defendant, CLARENCE LINWOOD BOWEN, guilty of STALKING - SECOND OFFENSE, as charged in the warrant.
>
> The Court further found that the Defendant knew, or reasonably should have known, that his conduct placed the victim in

reasonable fear of death, criminal sexual assault, or bodily injury, and that actual knowledge was unnecessary.

We read the second paragraph recited above to set forth the predicate for the conviction recited in the first paragraph.

On August 5, 1997, the trial court entered the following order:

It appearing to the Court that, due to clerical error, the order entered on June 19, 1997, stated "that the Defendant knew, or reasonably should have known, that his conduct placed the victim in reasonable fear of death, criminal sexual assault, or bodily injury" when it should have stated "that the Defendant reasonably should have known that his conduct placed the victim in reasonable fear of death, criminal sexual assault, or bodily injury"; therefore

The Court **ORDERED** that the order of June 19, 1997, be amended to reflect "that the Defendant reasonably should have known that his conduct placed the victim in reasonable fear of death, criminal sexual assault, or bodily injury".

Read together, the orders of June 19, 1997 and August 5, 1997 unquestionably bespeak the trial court's determination that Code § 18.2-60.3 did not require proof that Bowen had actual knowledge that his conduct would place D.M. in reasonable fear of death, criminal sexual assault, or bodily injury, but rather required only proof that he "reasonably should have known" that such fear would result, and demonstrate plainly that the trial court applied the evidence against that standard. This was error.

Code § 18.2-60.3(A) provides:
> Any person who on more than one occasion engages in conduct directed at another person with the intent to place, or with the knowledge that the conduct places, that other person in reasonable fear of death, criminal sexual assault, or bodily injury to that person . . . shall be guilty of a Class 2 misdemeanor.

In addition to proving the number and nature of the contacts between D.M. and Bowen, the Commonwealth bore the burden of proving that Bowen either intended to place D.M. in reasonable fear of death, criminal sexual assault, or bodily injury, or knew that such fear would result from his conduct.  Parker v. Commonwealth, 24 Va. App. 681, 685, 485 S.E.2d 150, 152 (1997).

This holding is consonant with the strict construction we apply to penal statutes, see Mayhew v. Commonwealth, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995), and our analysis in Parker.  In Parker, we upheld the constitutionality of the stalking statute, saying:
> The requirement of specific intent also enhances the delineation in Code § 18.2-60.3 of stalking from otherwise legal conduct. Citizens know that they are subject to prosecution for causing reasonable fear in others only if they intended their conduct to have this effect or know that it will have this effect.

24 Va. App. at 689, 485 S.E.2d at 154.  Thus, where the Commonwealth fails to prove a specific intent to cause fear, proof that the defendant actually knew that his conduct would place the victim in fear of the enumerated harms is a necessary

- 4 -

element of the offense.

For the foregoing reasons, the conviction is reversed and this case is remanded to the trial court for further proceedings, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>