COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton, Willis, Elder,
          Bray, Annunziata, Bumgardner, Frank, Humphreys, Clements
          and Agee
Argued at Richmond, Virginia


ELSTON BURWELL, S/K/A
 ELSTON E. BURWELL
                                      MEMORANDUM OPINION[*] BY
v.    Record No. 1777-99-2           JUDGE JERE M. H. WILLIS, JR.
                                           APRIL 17, 2001
COMMONWEALTH OF VIRGINIA


                    UPON A REHEARING EN BANC

           FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                     William L. Wellons, Judge

           Robert R. Meeks, Assistant Public Defender
           (Office of the Public Defender, on brief),
           for appellant.

           Thomas M. McKenna, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     On appeal from his bench trial conviction for stalking in

violation of Code § 18.2-60.3, Elston Burwell contends that the

trial court erred (1) in ruling that principles of double jeopardy

and res judicata did not preclude consideration of his previous

misconduct and convictions, and (2) in finding the evidence

sufficient to support his conviction.

─────────────────────

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

In an unpublished opinion, a divided panel of this Court found the evidence insufficient to support Burwell's conviction and reversed the judgment of the trial court on that ground without addressing Burwell's double jeopardy and res judicata contentions.  See Burwell v. Commonwealth, No. 1777-99-2 (Va. Ct. App. July 25, 2000).  On motion of the Commonwealth, we stayed the mandate of that decision and granted rehearing en banc.  Upon rehearing en banc, we vacate the mandate of the panel decision and affirm the judgment of the trial court.

## I.  BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "We will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it."  Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999) (citation omitted).

On January 31, 1998, at 5:00 a.m., Burwell, with whom the victim was not acquainted, knocked on her front door.  When the victim asked what he wanted and whether there was an emergency, he stated that he wanted to talk about the two of them.  The victim replied, "No" and shut the door.  Whereupon, Burwell began to shout, "Why won't you talk to me?"

-

Between September 18 and September 29, 1998, Burwell twice went to the victim's home and left letters on her porch. On October 22, 1998, he was convicted of stalking, pursuant to Code § 18.2-60.3, for conduct on "[m]ore than one occasion between September 18, 1998 and September 29, 1998." The judge imposing that conviction also issued a protective order requiring that Burwell "have no further contact of any type with [the victim or her] family or household member(s)."

On April 2, 1999, Burwell sent the victim a letter. On April 3, 1999, at 5:40 a.m., he appeared at her front door and demanded that she talk with him. The victim called the police. Burwell was arrested and charged with the stalking offense on appeal.

At trial, the victim testified that she was "scared" of Burwell. She further testified, "I don't know him. I don't know why he keeps bothering me. I don't know what his intentions are. I have told him I don't have any interest. The judge told him that."

## II. RES JUDICATA AND DOUBLE JEOPARDY

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This clause assures that a criminal defendant will not be subjected to "repeated prosecutions for the same offense." Oregon v. Kennedy, 456 U.S. 667, 671 (1982).

The mere presentation of evidence that might have been used in a previous trial does not provide a double jeopardy violation.  See United States v. Dixon, 509 U.S. 688, 703-12 (1993); Moore v. Commonwealth, 14 Va. App. 198, 202, 415 S.E.2d 247, 250 (1992).  When a new, distinct offense is predicated upon prior adjudicated conduct, evidence of the prior adjudication is admissible as proof of an element of the new offense on trial.  See Spencer v. Texas, 385 U.S. 554 (1967); Pittman v. Commonwealth, 17 Va. App. 33, 434 S.E.2d 694 (1993).  The issue on trial is the new conduct charged, not the previously adjudicated conduct, which provides merely a contextual element.

Burwell was tried in this case for his conduct on April 3, 1999.  He was not on trial for his conduct on January 31, 1998, or his conduct between September 18 and September 29, 1998.  Those earlier events provided only a historical context in which his April 3, 1999 conduct was adjudged.  Thus, evidence of those prior events imposed no double jeopardy violation, and the trial court did not err in receiving evidence of that earlier conduct and of Burwell's October 22, 1998 conviction.

The doctrine of res judicata fixes as settled between the parties an issue that has been litigated by them to a conclusion.  The doctrine applies to the same cause of action between the same parties.  See Horton v. Morrison, 248 Va. 304, 306, 448 S.E.2d 629, 630 (1994); Highsmith v. Commonwealth, 25

-

Va. App. 434, 439-43, 489 S.E.2d 239, 241-43 (1997).  This case does not involve the same cause of action as that which underlay Burwell's October 22, 1998 conviction.  The cause of action that underlay that earlier conviction involved Burwell's conduct between September 18 and September 29, 1998.  The cause of action on appeal involves his conduct on April 3, 1999.

Furthermore, res judicata merely settles an issue.  It does not foreclose further proceedings and remedies based upon that adjudication.  See Groh v. B.F. Saul Real Estate Inv. Trust, 224 Va. 156, 159, 294 S.E.2d 859, 861 (1982).  Thus, the doctrine of res judicata affords Burwell no exoneration in this case.

### III.  SUFFICIENCY OF THE EVIDENCE

Code § 18.2-60.3 provides, in pertinent part:

> (A) Any person who on more than one occasion engages in conduct directed at another person with the intent to place, or with the knowledge that the conduct places, that other person in reasonable fear of death, criminal sexual assault, or bodily injury to that other person or to that other person's family or household member shall be guilty of a Class 1 misdemeanor.

Unquestionably, and undenied by him, Burwell engaged in conduct directed at the victim on more than one occasion:  January 31, 1998, two occasions between September 18 and September 29, 1998, April 2, 1999, and April 3, 1999.  Burwell argues that he intended no harm to the victim, that he had no knowledge that his conduct caused her fear, and that she had no reasonable cause to fear death, criminal sexual assault, or bodily injury.

-

He argues that the evidence fails to prove that he harbored such intent or knowledge.

Whatever Burwell's intent may have been, we focus our inquiry on his knowledge. It is beyond reason to think that a woman would not fear death, criminal sexual assault, or bodily injury at the prospect of a strange man coming to her door early in the morning, demanding to talk to her about the two of them. Burwell's conduct toward the victim does not end there. After being rebuffed by the victim, he persevered in that conduct to the end that he was convicted under Code § 18.2-60.3 on October 22, 1998, was sentenced to punishment for his offense, and was put under an express court order to have "no further contact of any type" with the victim. Notwithstanding that plain presentation to him of the effect of his conduct and that unequivocal admonition by a judge, Burwell renewed his conduct on April 2 and April 3, 1999, the first occasion remotely by letter, the second occasion directly, defiantly, and aggressively by his appearance at the victim's front door, again early in the morning. The suggestion that he did not know the terrorizing effect of his conduct defies credence.

The evidence abundantly supports the reasonableness of the victim's fear and the trial court's conclusion that Burwell knew that his conduct inspired that fear. See Parker v. Commonwealth, 24 Va. App. 681, 485 S.E.2d 150 (1997).

-

The judgment of the trial court is affirmed.

Affirmed.

Humphreys, J., with whom Benton, J., joins, dissenting.

I dissent from the majority's holding that the evidence presented by the Commonwealth was sufficient as a matter of law to establish that Burwell had the specific intent to place the victim in reasonable fear of death, criminal sexual assault, or bodily injury. Moreover, I would hold that there was insufficient evidence offered by the Commonwealth to support a finding that Burwell's actions caused the requisite specific fear on the part of the victim.

By the plain language of Code § 18.2-60.3:

> [i]n order to obtain a conviction . . . the Commonwealth <u>must</u> prove three elements. First, the Commonwealth must prove the defendant engaged in multiple instances of conduct directed at a person or that person's spouse or child. Second, the Commonwealth must prove that this conduct caused that person or their spouse or child to experience reasonable fear of death, criminal sexual assault, or bodily injury. Third, the Commonwealth must prove that the defendant either intended to cause this fear or knew that it would result from his or her conduct.

<u>Parker v. Commonwealth</u>, 24 Va. App. 681, 685, 485 S.E.2d 150, 152 (1997) (emphasis added).

Here, there is no question that Burwell engaged in multiple instances of conduct directed toward the victim. However, the only evidence offered by the Commonwealth concerning the state of mind of the victim was her testimony that on January 18, 1998, she was "startled" because "I really didn't know what was

-

going on, and I didn't know him," and on April 3, 1999 that she was "[s]cared . . . because I don't know him.  I don't know why he keeps bothering me.  I have told him I don't have any interest."  This testimony was insufficient to establish that on both of these occasions, the victim experienced the requisite fear of bodily injury, sexual assault, or death.

Nevertheless, even assuming, without deciding, that from such testimony a trier of fact could reasonably infer that the victim was in fear of one or all of the specifically enumerated harms, the Commonwealth failed to establish that Burwell intended to cause this fear, or knew that it would result from his actions.

First, the Commonwealth presented no evidence that Burwell actually threatened the victim with death, sexual assault, or bodily harm.  In fact, the victim admitted that Burwell made no such threats.  In addition, the only evidence offered by the Commonwealth to establish Burwell's intent or motivation in approaching the victim and writing her letters was that Burwell wanted to "talk about us."  This clearly falls short of demonstrating Burwell's specific intent to "place the victim in reasonable fear of death, criminal sexual assault, or bodily injury."

The Commonwealth urges this Court to consider the circumstantial evidence of Burwell's intent.  Circumstantial evidence of intent may include the conduct and statements of the

-

alleged offender, and "[t]he finder of fact may infer that [he] intends the natural and probable consequences of his acts." Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc).  However, it is well established that "[i]f evidence of intent is wholly circumstantial, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."  Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000) (citations omitted).

Here, the only evidence presented from which the trial court might infer that Burwell intended to place the victim in fear of bodily harm, sexual assault, or death, was the letters and the book of matches found on the victim's porch, as well as Burwell's repeated contacts with the victim which consistently met with a response of police action.  Although the victim testified that the letters "threatened" her, neither the letters nor their contents were introduced at trial.  Furthermore, there was no evidence relating the book of matches to Burwell, only the fact that they were found on the victim's front porch after he had left.  Finally, Burwell's continued attempts to contact the victim do not establish that he intended to place her in fear of one of the requisite harms.  At most, they establish that he was trying to do just what he told her he was trying to do, and that is to "talk about us."

-

"Where the Commonwealth fails to prove a specific intent to cause fear, proof that the defendant <u>actually</u> knew that his conduct would place the victim in fear of the enumerated harms is a necessary element of the offense." <u>Bowen v. Commonwealth</u>, 27 Va. App. 377, 380, 499 S.E.2d 20, 22 (1998) (emphasis added). Here, there was no evidence presented to establish that any subjective fear held by the victim was ever communicated to Burwell.[1]  The Commonwealth asserts that because Burwell was convicted of stalking on October 22, 1998, he was on notice that his conduct caused the victim the requisite fear.  However, the evidence of Burwell's prior stalking conviction was admitted for the limited purpose of establishing a prior stalking conviction for proving felony stalking.  Although the trial court reserved its ruling on whether to consider the resulting protective order for purposes other than the order itself, the protective order standing alone does nothing but establish that Burwell was ordered to stay away from the victim for a certain period of time.  It does not, in and of itself, establish that Burwell derived "actual knowledge" his conduct was placing the victim in fear of bodily injury, sexual assault, or death.  Furthermore, Burwell's conviction for trespass would similarly stand to prove

---

[1] The victim did state that the judge communicated her fear to Burwell "the last time we were in court."  However, Burwell objected to her testimony regarding what the judge may have told Burwell, and the trial court sustained the objection, without exception or further inquiry on the part of the Commonwealth.

-

only that Burwell had been punished for trespassing on the victim's property. It would not establish that Burwell gleaned the requisite "actual knowledge" that his conduct was placing the victim in fear of one of the specifically enumerated harms in the statute. [2]

While these facts may very well prove that Burwell should have known that his conduct was placing the victim in fear, they do not establish the actual knowledge which is necessary for a conviction pursuant to Code § 18.2-60.3. See id. at 379-80, 499 S.E.2d at 21-22 (reversing a trial court's finding of guilt based only on proof that the defendant "reasonably should have known" fear of bodily injury, sexual assault, or death would result).

For these reasons I dissent from the majority's holding in this regard and would reverse and dismiss Burwell's conviction. Because I would reverse and dismiss based upon the sufficiency of the evidence, I would not decide the issues of double jeopardy or res judicata.

---

[2] One must be sympathetic to the plight of the victim in this matter, but the fact remains that the prosecutor failed to produce more than speculative allusions to evidence of either the appellant's specific intent or the victim's specific fear.

-