COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


GREGORY THOMAS LASSITER

MEMORANDUM OPINION[*] BY
v.      Record No. 2567-05-1          JUDGE JAMES W. HALEY, JR.
                                        NOVEMBER 21, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Carl E. Eason, Jr., Judge

Stacie A. Cass, Assistant Appellate Defender (Catherine E. P. Haas,
Assistant Appellate Defender; Virginia Indigent Defense
Commission, on briefs), for appellant.

Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


I.

Appellant was convicted by the trial court on a single count indictment alleging he "did

unlawfully and feloniously take a credit card" in violation of Code § 18.2-192(1)(a). He

maintains that the trial court erred in concluding that intent to use, sell, or transfer the card was

not an element of the offense charged. We agree, and reverse and remand.

II.

FACTS

By agreement with appellant, the Commonwealth's evidence was stipulated. Those

pertinent facts may be succinctly stated: Janet Boyd was shopping at a Food Lion in Franklin,

Virginia. Appellant grabbed her closed purse from her shopping cart and ran out of the store

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

with Ms. Boyd and the store manager in close pursuit. Virginia State Trooper Robert Hill, who had also been shopping at Food Lion and saw the chase, almost immediately apprehended appellant behind the store. The unopened purse was under appellant's coat and was returned to Ms. Boyd at the scene. It is undisputed that the appellant never knew what the purse contained. In fact, the purse contained cash and four valid credit cards.

## III.

## THE STATUTE

Code § 18.2-192(1)(a) reads:

> A person is guilty of credit card or credit number theft when: He takes, obtains, or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent *or* who, with knowledge that it has been so taken, obtained or withheld, receives the credit card or credit card number with intent to use it or sell it, or to transfer it to a person other than the issuer or the cardholder.

(Emphasis added).

At trial the Commonwealth argued that the clause beginning "with intent" applied only to actions following the italicized *or* in the quoted statute (characterized in the transcript as the "second prong" of Code §18.2-192(1)(a)), and not to the actions preceding that *or* (characterized as the "first prong" of the statute). Appellant argued the intent requirement applied to both prongs of the statute.

After considering the stipulated and testimonial evidence, and the argument of counsel, the trial court held: "I find that the intent to use or sell is . . . applicable only to the second prong, and therefore I would find him guilty [under the first prong] . . . ."

IV.

ANALYSIS

In support of his argument that an intent to use is an element of "taking" a credit card,

appellant relies upon Cheatham v. Commonwealth, 215 Va. 286, 208 S.E.2d 760 (1974).

In Cheatham, the appellant was found in possession of a credit card he knew had been

stolen eleven days earlier. However, he had not used or attempted to use it in the interim. As the

Supreme Court noted: "Cheatham was charged with the statutory offense of credit card theft for

*withholding* Mrs. Brooks's credit card after it came into his possession." Id. at 288, 208 S.E.2d

at 762 (emphasis added).

Construing then Code § 18.1-125.3,[1] the Court held:

> We are unwilling to extend the presumption of guilt from
> unexplained or falsely explained possession of recently stolen
> goods . . . to the "withholding" of a credit card . . . . So far as we
> can ascertain the word "withhold," as used in the context of the
> credit card theft statute, has never been construed. It must,
> however, import something more than mere retention, for mere
> retention could be consistent with innocent intent. The retention
> must be accompanied by an intent to deprive the owner of
> possession and to use the card, or to sell it, or to transfer it to a
> person other than the issuer or the cardholder. . . . But in the
> present case there is no evidence to show how long Cheatham had
> the credit card . . . or that he had any intent to use it, sell it, or
> transfer it.

Id. at 289-90, 208 S.E.2d at 763 (citations omitted). Thus, that Court concluded that an intent to

use was an element of the "first prong" of the statute.

Subsequently, in Wilder v. Commonwealth, 217 Va. 145, 146, 225 S.E.2d 411, 412

(1976), the Supreme Court dismissed as insufficient an indictment that alleged appellant "did

feloniously and unlawfully have in his possession two or more stolen credit cards" because the

---

[1] Code § 18.1-125.3 was the predecessor statute to Code § 18.2-192(1)(a). The only
difference is the addition of the phrase "or credit card number" in the latter.

indictment omitted any mention of intent. In so doing, and relying upon the precedent of

Cheatham, that Court stated with respect to Code § 18.1-125.3:

> Subsection (a) deals with the acts of *taking* a credit card, *obtaining* a credit card, *withholding* a credit card, and *receiving* a credit card. . . . [T]he foregoing proscribed acts must be accompanied by an intent to use the card, or to sell it, or transfer it to a person other than the issuer or the cardholder.

Id. at 147, 225 S.E.2d at 413.

Following these precedents, in rejecting a "single larceny" defense to the taking of cash and credit cards, this Court specifically held that under the first prong of Code § 18.2-192(1)(a) "the taking [of a credit card] must be with the intent to use, sell, or transfer the card to a person other than the issuer or the cardholder," and thus that intent distinguished the crime from petit larceny, which requires an intent to permanently deprive. Scott v. Commonwealth, 36 Va. App. 276, 282, 549 S.E.2d 624, 626-27 (2001).

These cases make clear that the trial court, as quoted above, misinterpreted, by omission, the elements of the offense proscribed by Code § 18.2-192(1)(a). In such cases, we reverse and remand to the trial court for further proceedings, if the Commonwealth be so advised. See Bowen v. Commonweath, 27 Va. App. 377, 380-81, 499 S.E.2d 20, 22 (1998) (trial court erred in concluding stalking prohibited by Code § 18.2-60.3 did not include the element of specific intent to place victim in fear).

Reversed and remanded.