COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Richmond, Virginia

REGINALD DARNELL MACKLIN

v.      Record No. 0316-08-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. HALEY, JR.
APRIL 7, 2009

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Thomas P. Collins (Eck & Collins, on brief), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Reginald Darnell Macklin ("Macklin") appeals his conviction for receiving stolen

property in violation of Code §§ 18.2-95 and 18.2-108.  Directly before announcing a verdict of

guilty during Macklin's bench trial in the circuit court, the trial judge found that Macklin

received stolen property from another and that Macklin "probably should have known [the

property] was stolen."  It is clear from the record before us that the Commonwealth produced

evidence at Macklin's trial sufficient to support a conviction under Code § 18.2-108.  However, a

conviction under Code § 18.2-108 requires the Commonwealth must convince *the trier of fact*

that the defendant actually knew the property was stolen.  Because it appears from the record that

the trial court convicted without deciding whether the Commonwealth had proven actual

knowledge that the property was stolen, we reverse his conviction.  Because the evidence was

otherwise sufficient to sustain a conviction, we remand Macklin's case to the circuit court for

further proceedings.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

FACTS

On July 31, 2007, in the City of Richmond, Seawn Hunter ("Hunter") parked his scooter in front of a bar and went inside. About two hours later, Hunter left the bar and found that his scooter was not where he left it. He testified that he had purchased the scooter a week before for twelve hundred dollars and that it was in good condition when he parked it in front of the bar. Hunter reported the missing scooter to the police and gave them a description. About forty-five minutes later, the police telephoned Hunter and asked him to examine a damaged scooter about two miles away. Hunter described this scooter as having been hot-wired. Wires were exposed, the sides of the scooter were scratched, and the muffler was hanging off the bottom of the scooter, nearly touching the ground. Hunter identified the damaged scooter the police found as the same scooter he had parked outside the bar earlier that evening.

Officer Sensabaugh of the Richmond police testified about his investigation into the scooter's disappearance. He learned from the bar's security videos that two young people, not Macklin, had taken the scooter from where Hunter had parked it. However, when Officer Sensabaugh and his partner were patrolling the neighborhood, they saw Macklin riding the damaged scooter. When they asked Macklin about the scooter, Macklin said that he got the scooter from a black man in his late forties, but that he did not know the man's name. Macklin also told the police that he gave the man ten dollars in exchange for allowing him to borrow the scooter.

Macklin's testimony did not differ significantly from his statement to the police. He testified that he left his house that evening and stood outside with his friends when a man rode up on the scooter. According to Macklin, he and his friends wanted to get beer and cigarettes, and Macklin asked the man if he could ride the scooter to the store so that he could purchase beer and cigarettes. The man asked for ten dollars in exchange for the use of the scooter, and Macklin

agreed. Macklin testified that it was dark, and he couldn't see the damage to the scooter. Though he did not know the man's name, Macklin said that he knew the man and saw him frequently in the area.

After the testimony of these three witnesses, the trial court heard the arguments of counsel for both parties. Defense counsel agreed that the Commonwealth's evidence proved that Macklin received the scooter and that the scooter was stolen. Nevertheless, he argued that the trial court should acquit Mackin because the evidence suggested a reasonable doubt as to whether Macklin knew that the scooter was stolen. In finding Macklin guilty, the trial judge made the following comments:

> Mr. Macklin, you being charged under receiving stolen property statute. And according to a reading of 118.2-108 [sic], states that if any person not only buy, but according to the statute, receives from another property known to have been stolen, in this case I don't think you actually bought the bike from this other gentlemen, but, clearly you received it from him. I think described it as borrowing for $10.00-dollars. Which the Court finds interesting, that you would pay the value of what you were going to buy from the store. Because, I think, you stated you were going to get cigarettes and beer, which probably cost no more than $10.00-dollars. And you were going to pay equal value to go get something that may cost less, which doesn't seem particularly reasonable, but maybe it is.

> But, anyway, the point of the matter is, you received from another person a vehicle that probably you should have known was stolen, because the lock ignition was damaged, other things were damaged according to the police officer.

> Therefore, we do find you guilty as charged.

### ANALYSIS

We review the facts in the light most favorable to the party prevailing below, in this case the Commonwealth. Schwartz v. Commonwealth, 45 Va. App. 407, 415, 611 S.E.2d 631, 635 (2005). "The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Neel v.

Commonwealth, 49 Va. App. 389, 394, 641 S.E.2d 775, 777 (2007). "Given the 'broad discretion' of a trial judge over evidentiary matters, we apply a deferential abuse-of-discretion standard of appellate review." Seaton v. Commonwealth, 42 Va. App. 739, 752, 595 S.E.2d 9, 15 (2004). However, when a trial court uses an improper legal standard in exercising its discretionary function, "we are unable to apply the appellate review standard of abuse of discretion." Thomas v. Commonwealth, 263 Va. 216, 233, 559 S.E.2d 652, 661 (2002). "[A] trial court 'by definition abuses its discretion when it makes an error of law.'" Schooltz v. Schooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 101 (1996)).

According to Code § 18.2-108, a conviction requires proof of the following elements: 1) that the defendant bought property or received property from another person or aided another person in concealing property; 2) that the property was stolen; and 3) that the defendant knew the property was stolen. See Covil v. Commonwealth, 268 Va. 692, 694-95, 604 S.E.2d 79, 81 (2004); Roberts v. Commonwealth, 230 Va. 264, 270, 337 S.E.2d 255, 259 (1985); Stapleton v. Commonwealth, 140 Va. 475, 487-88, 124 S.E. 237, 241 (1924); Hey v. Commonwealth, 73 Va. (32 Gratt.) 946, 951 (1879). The Commonwealth has the burden of proving each of these elements beyond a reasonable doubt. See In Re Winship, 397 U.S. 358, 364 (1970) ("we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

Macklin argues that his conviction must be reversed because the trial judge failed to apply the burden of proof applicable to criminal cases and wrongly convicted him upon a mere probability that he knew the scooter was stolen. See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997) ("To justify conviction of a crime, it is insufficient to create a

- 4 -

suspicion or probability of guilt."). Citing Wilson v. Commonwealth, 23 Va. App. 318, 326, 477 S.E.2d 7, 10 (1996), the Commonwealth responds that to reverse the judgment below would be to take the trial court's remarks out of their proper context. Because trial judges are presumed to apply the law properly, see id., and because the facts, when viewed in the light most favorable to the Commonwealth, support a finding that Macklin knew the scooter was stolen, see Dobson v. Commonwealth, 260 Va. 71, 76, 531 S.E.2d 569, 572 (2000) (proof of possession of recently stolen goods will support a permissive inference that person in possession knew goods were stolen), the Commonwealth urges us to affirm the trial court's ruling.

Accordingly, to decide this case we must examine the context in which the trial court's remarks appear in the record. Significantly, the issue the trial court decided – indeed, the only issue disputed by the parties – was a narrow one. The parties agreed that the scooter was stolen, and they agreed that Macklin received the stolen scooter from someone else. All that was left for the court to decide was whether the evidence proved beyond a reasonable doubt that Macklin knew the scooter was stolen. Also significant is that the trial judge made these remarks directly following the argument of defense counsel, which stressed what defense counsel contended was the lack of any persuasive evidence that Macklin knew the scooter was stolen. Though the Commonwealth is correct to emphasize our traditional reluctance to reverse trial court judgments based on the isolated remarks of the trial judge taken out of their proper context, see Parker v. Commonwealth, 41 Va. App. 643, 656, 587 S.E.2d 749, 755 (2003), we can conceive of no reasonable interpretation of the trial court's remarks that does *not* suggest that the trial court convicted Macklin without deciding whether the Commonwealth's evidence proved that Macklin actually knew that the scooter was stolen.

Macklin argues that the trial judge's remarks indicate a failure to properly apply the burden of proof applicable to criminal cases. We disagree with this assessment. In context, the

statement more likely reflects a mistaken belief that, in a possession of stolen goods case, the Commonwealth need not prove *actual* knowledge that the accused knew the goods he possessed were stolen; rather, such knowledge will be imputed from the accused's possession of stolen goods if a reasonable person in the accused's position would have known the goods were stolen. Thus, we believe that Macklin has been convicted in violation of our Supreme Court's ruling that proof that the accused had actual knowledge that the goods he possessed were stolen is required for a conviction under Code § 18.2-108. "[G]uilty knowledge need not be directly proved. It may be shown by circumstances. It is sufficiently shown if the circumstances proven are such *as must have made or caused* the recipient of stolen goods *to believe* they were stolen." Lewis v. Commonwealth, 225 Va. 497, 503, 303 S.E.2d 890, 893 (1983) (quoting Reaves v. Commonwealth, 192 Va. 443, 451, 65 S.E.2d 559, 564 (1951)) (emphasis added).

This error makes it inappropriate to apply a deferential standard of appellate review, see Thomas, 263 Va. at 233, 559 S.E.2d at 661, and is by definition an abuse of discretion. See Schooltz, 27 Va. App. at 271, 498 S.E.2d at 441. Therefore, we reverse Macklin's conviction.

Our reversal of Macklin's conviction and remand of this case is supported by our prior decision in Bowen v. Commonwealth, 27 Va. App. 377, 499 S.E.2d 20 (1998). In Bowen, the defendant was convicted at a bench trial of a second offense of stalking in violation of Code § 18.2-60.3. Id. at 379, 499 S.E.2d at 21. The trial court's final order recited that "the Defendant reasonably should have known, that his conduct placed the victim in reasonable fear of death, criminal sexual assault, or bodily injury." Id. at 379, 499 S.E.2d at 22. We held that, "where the Commonwealth fails to prove a specific intent to cause fear, proof that the defendant actually knew that his conduct would place the victim in fear of the enumerated harms is a necessary element of the offense." Id. at 380, 499 S.E.2d at 22. We reversed the defendant's conviction and remanded his case to the circuit court for a new trial. Id. Deference to precedent requires

that the trial court's very similar error in Macklin's case be treated in the same way.  Because the

Commonwealth's evidence, when viewed in the light most favorable to the Commonwealth, was

otherwise sufficient for a reasonable trier of fact to find that Macklin did know the scooter was

stolen, our remand does not offend double jeopardy principles.  Compare Crawford v.

Commonwealth, 53 Va. App. 138, 156, 670 S.E.2d 15, 23-24 (2008) ("If the evidence is

insufficient, remanding for a new trial would violate double jeopardy principles, and we must

reverse and dismiss the conviction rather than reverse and remand the conviction for a new

trial.").

CONCLUSION

Macklin's conviction is reversed and his case is remanded for further proceedings, if the

Commonwealth be so advised.

Reversed and remanded.