PRESENT:  All the Justices

LONNIE LORENZO BOONE

                                        OPINION BY
  v.  Record No. 121144         JUSTICE WILLIAM C. MIMS
                                        April 18, 2013
COMMONWEALTH OF VIRGINIA


                FROM THE COURT OF APPEALS OF VIRGINIA

        In this appeal, we consider whether Code § 18.2-308.2(A)

limits the number of convictions the Commonwealth may prove in

a trial upon an indictment charging possession of a firearm by

a person previously convicted of a violent felony.

        I.    BACKGROUND AND MATERIAL PROCEEDINGS BELOW

        Lonnie Lorenzo Boone was indicted upon a charge of

knowingly and intentionally possessing or transporting a

firearm after having previously been convicted of a violent

felony, in violation of Code § 18.2-308.2(A).  At a jury trial,

the Commonwealth offered as evidence one prior conviction for

robbery, in violation of Code § 18.2-58, and four prior

convictions for burglary, in violation of Code § 18.2-91.  Each

of these offenses is a violent felony.  Code § 18.2-308.2(A)

(incorporating Code § 17.1-805(C)).

        Boone objected to the Commonwealth's evidence, arguing

that the phrase "previously convicted of a violent felony" in

Code § 18.2-308.2(A) limited the Commonwealth to adducing

evidence of only one prior conviction for a violent felony.

Admitting all five prior convictions into evidence, Boone continued, would be cumulative and prejudicial. The circuit court overruled the objection and admitted the evidence. Thereafter, the jury returned a guilty verdict and imposed a sentence of five years' incarceration.

Boone appealed to the Court of Appeals, which affirmed the circuit court's judgment by unpublished, per curiam order. This appeal followed.

## II. ANALYSIS

The only issue is whether Code § 18.2-308.2(A) limits the evidence the Commonwealth may adduce to prove the offense. That is a question of statutory interpretation, which we review de novo. Belew v. Commonwealth, 284 Va. 173, 177, 726 S.E.2d 257, 259 (2012).

Code § 18.2-308.2(A) provides that

> [i]t shall be unlawful for . . . any person
> who has been convicted of a felony . . . to
> knowingly and intentionally possess or
> transport any firearm . . . . [A]ny person
> who violates this section by knowingly and
> intentionally possessing or transporting
> any firearm and who was previously
> convicted of a violent felony as defined in
> § 17.1-805 shall be sentenced to a
> mandatory minimum term of imprisonment of
> five years.

Boone contends that by using the phrase "previously convicted of a violent felony," the General Assembly intended to permit the Commonwealth to adduce evidence of only one prior

2

violent felony conviction.  Accordingly, he continues, the Commonwealth was required to choose one prior conviction from the five available.  He asserts the other four convictions were cumulative and prejudicial, and the circuit court erred in admitting them as evidence.  We disagree.

In Pittman v. Commonwealth, 17 Va. App. 33, 434 S.E.2d 694 (1993), the Court of Appeals acknowledged the Commonwealth's prerogative to choose what evidence to offer to the fact-finder to meet its burden of proof.  The court held that "[t]he Commonwealth . . . is entitled to prove its case by evidence that is relevant, competent and material.  [A]n accused cannot . . . require the Commonwealth to pick and choose among its proofs, to elect which to present and which to forego."  Id. at 35, 434 S.E.2d at 695-96.  Accordingly, where the existence of one or more prior convictions is a necessary element to obtain a conviction, "the Commonwealth [i]s not obliged to have faith that the jury would be satisfied with any particular one or more of the items of proof.  Therefore, it was entitled to utilize its entire arsenal" of prior convictions to meet its burden.  Id. at 35-36, 434 S.E.2d at 696.  We agree.

Boone argues that his case is distinguishable from Pittman because the defendant in that case was charged with felony larceny, in violation of former Code § 18.2-104(b).  Under that statute, a person convicted of larceny after a third or

3

subsequent prior conviction for larceny was guilty of a Class 6 felony. Former Code § 18.2-104(b) (1988 Repl. vol.). Therefore, the Commonwealth was required to prove multiple prior convictions in Pittman. By contrast, Boone argues, the Commonwealth was limited to proving only "a" prior violent felony conviction in his case. This is a distinction without a difference.

Both former Code § 18.2-104(b) and Code § 18.2-308.2(A) establish the elements of their respective offenses. Neither provides a rule of evidence constraining the Commonwealth's prerogative to prove those elements with its choice of the available evidence. Like the phrase "a third[] or any subsequent offense" in former Code § 18.2-104(b), the phrase "previously convicted of a violent felony" in Code § 18.2-308.2(A) merely sets forth an additional element the Commonwealth is required to prove beyond a reasonable doubt to obtain an enhanced sentence. Compare former Code § 18.2-104(b) (elevating larceny from a Class 1 misdemeanor to a Class 6 felony when the additional element is proven) with Code § 18.2-308.2(A) (imposing a five-year mandatory minimum sentence when the additional element is proven). Accordingly, while the article "a" in Code § 18.2-308.2(A) does, as Boone argues, reflect legislative intent that proof of only one violent felony is necessary to obtain the enhanced sentence, that

4

article does not limit the evidence the Commonwealth may adduce to prove it.

Two considerations support this reading of the statute. First, as noted in Pittman, the jury may not be satisfied with the evidence of one or more of the convictions upon which the Commonwealth relies.  17 Va. App. at 35-36, 434 S.E.2d at 696. Second, one or more of the convictions may later be vacated by appellate or collateral proceedings.  For example, in Conley v. Commonwealth, 284 Va. 691, 733 S.E.2d 927 (2012), the defendant was convicted of felony third-offense driving under the influence ("DUI") while a petition for a writ of habeas corpus with respect to his second DUI conviction was pending in this Court.  We granted the defendant's petition and the second DUI conviction thereafter was dismissed.  The validity of his felony third-offense DUI conviction therefore was in doubt and that conviction became the subject of a petition for a writ of actual innocence in the Court of Appeals.  Id. at 692-93, 733 S.E.2d at 928.

It thus behooves the Commonwealth to create a record at trial that will preserve the integrity of the conviction being sought, in the event a conviction on which it relies at trial is subsequently overturned in later appellate or collateral proceedings.  Cf. Rushing v. Commonwealth, 284 Va. 270, 277-78, 726 S.E.2d 333, 338-39 (2012) (vacating a conviction where the

5

evidence in the record was insufficient to prove a necessary element after the exclusion of evidence improperly admitted at trial).

This conclusion does not give the Commonwealth unfettered license to admit every relevant conviction of a serial criminal. To the contrary, the trial court retains its discretion to exclude evidence as repetitious and cumulative. See Harrison v. Commonwealth, 244 Va. 576, 585, 423 S.E.2d 160, 165 (1992). Similarly, the trial court may exclude evidence when, in the court's sound discretion, its prejudicial effect substantially exceeds its probative value. Juniper v. Commonwealth, 271 Va. 362, 412, 626 S.E.2d 383, 415 (2006); Goins v. Commonwealth, 251 Va. 442, 461-62, 470 S.E.2d 114, 127 (1996); see also Va. R. Evid. 2:403.

Citing Old Chief v. United States, 519 U.S. 172 (1997), Boone argues that evidence of his prior convictions was especially prejudicial. In Old Chief, the defendant was charged with possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The indictment specifically charged that the defendant had previously been convicted of assault. He moved to exclude any evidence of the prior conviction, other than the fact of its existence, and offered to stipulate that the prior

conviction was entered upon a felony charge within the meaning of the federal statute.  Id. at 174-75.

The United States refused the offered stipulation.  The federal district court acknowledged the prosecution's prerogative to prove its case with the evidence of its choosing and denied the defendant's motion.  Id. at 177.  He appealed to the United States Circuit Court of Appeals for the Ninth Circuit, which affirmed.  Id.

On further appeal, however, the Supreme Court of the United States reversed.  The Court held that the fact the prosecution was required to prove was the existence of a conviction for a crime within the class of crimes set forth in 18 U.S.C. § 922(g)(1).  Because the defendant had offered to stipulate to that fact, the probative value of the conviction record itself was outweighed by the substantial risk of prejudice to the defendant.  It therefore should have been excluded under Rule 403 of the Federal Rules of Evidence.  Id. at 190-92.

The conspicuous factor distinguishing Old Chief from this case is the absence of any offer by Boone to stipulate to the fact that he had previously been convicted of a violent felony. In the absence of such a stipulation, the Commonwealth retained the burden of proving that fact beyond reasonable doubt.  As discussed above, within certain limits the Commonwealth was

entitled to offer whatever evidence was available in its attempt to meet that burden.

Boone argues that, under Glover v. Commonwealth, 3 Va. App. 152, 348 S.E.2d 434 (1986), which we summarily affirmed, 236 Va. 1, 372 S.E.2d 134 (1988) (per curiam), he was not permitted to offer to stipulate to the fact of conviction. However, nothing in Glover prohibits a defendant from offering to stipulate to a fact the Commonwealth must prove at trial. Rather, Glover merely concludes that the Commonwealth is not required to accept such an offer if one is made. Id. at 162, 348 S.E.2d at 441. Boone made no such offer, so there was nothing for the Commonwealth to accept or reject.[*]

Because Code § 18.2-308.2(A) establishes the elements of the offense rather than a rule of evidence by which the elements may be proven, the statute does not limit the Commonwealth's prerogative to meet its burden of proof using whatever available evidence it chooses. Accordingly, the circuit court did not abuse its discretion in admitting the five conviction orders and the Court of Appeals did not err in affirming Boone's conviction and sentence. We therefore will affirm the judgment of the Court of Appeals.

---

[*] This case therefore does not present and we do not consider the question whether Old Chief affects the continuing validity of Glover.

8