COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia


MICHAEL A. S. PARKER
                                              OPINION BY
v.        Record No. 2124-95-2        JUDGE LARRY G. ELDER
                                              MAY 13, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                 Paul M. Peatross, Jr., Judge


          Willis J. Spaulding; Leslie Lee Robinson for
          appellant.

          Margaret Ann B. Walker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Michael A. S. Parker (appellant) appeals his conviction of

stalking in violation of Code § 18.2-60.3.  Appellant contends

that the evidence was insufficient to support his conviction.  In

the alternative, he contends that the stalking statute is

unconstitutionally vague and overbroad.  For the reasons that

follow, we affirm.

                              I.

                             FACTS

     Appellant was convicted of first offense stalking in

violation of Code § 18.2-60.3.  The evidence at trial, viewed in

the light most favorable to the Commonwealth, was that appellant

and the victim had been involved in a relationship since 1989

that was marked by many breakups and reconciliations.  The victim

testified that the relationship was "abusive," and she was in

constant fear during the relationship.  The record, which consists of a written statement of facts and the exhibits introduced at trial, provides no detail regarding the extent and nature of abuse inflicted by appellant on the victim or whether the relationship was still ongoing.  The record does establish that appellant was convicted of stalking the victim in 1994 under a prior version of Code § 18.2-60.3.  At that time, appellant was convicted on an arrest warrant that charged him of "[o]n more than one occasion, engag[ing] in conduct with the intent to cause emotional distress to [the victim] by placing that person in reasonable fear of death or bodily injury."  The trial court checked the box on the reverse side of the arrest warrant stating that appellant was found "guilty as charged."

In early March, 1995, appellant was incarcerated in jail. On March 2, the Commonwealth's attorney notified the victim that appellant's tentative release date from jail was May 16, 1995 and advised her to document all contact with appellant.  The victim obtained a caller identification device and learned the number of the only phone in the jail to which appellant had access.

On March 5, 8, 10, and 11, respectively, the victim received a barrage of phone calls that the caller identification device indicated were made from the phone in appellant's cell block. Most of the calls ended when the caller hung up without speaking.  However, appellant did briefly speak during seven of the phone calls.  The victim never spoke during any of the calls.

On March 5, the victim received telephone calls from appellant's cell block at 8:05, 8:10, 8:55, 8:57, 9:01, 9:04, 9:06, 9:11, 9:12, 9:14, and 9:17, respectively. During the 9:01 call, appellant said, "Okay, let's end it." During the 9:11 call, appellant said, "It will never end." During the 9:12 call, appellant said, "You know you lied." During the 9:17 call, appellant told the victim, "I'll be out."

On March 8, the victim received telephone calls from appellant's cell block at 3:54, 4:00, 4:02, 4:06, 4:28, 4:42, 4:50, and 5:03, respectively. During the 4:42 call, appellant said, "Don't be afraid." During the 4:50 call, he said, "Please pick up." During the 5:03 call, he said, "You hate me."

On March 10, the victim received more telephone calls from appellant's cell block at 8:26, 8:42, 8:45, 8:46, and 8:47, respectively. On March 11, the victim received calls at 11:51, 2:35, 4:11, 4:18, and 4:23, respectively. Appellant did not speak during any of these calls. The victim testified that appellant's calls made her fearful.

At the conclusion of the Commonwealth's evidence and again at the conclusion of his case, appellant moved to strike on the grounds that the evidence was insufficient and that the stalking statute was unconstitutionally vague and overbroad as it applied to him. The trial court denied appellant's motions and convicted him of stalking. Appellant then made a motion to set aside the verdict on these same grounds, which the trial court also denied.

SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence fails to prove that he violated Code § 18.2-60.3. We disagree.

Under Code § 18.2-60.3, a person is guilty of stalking if the Commonwealth proves that he or she:

> on more than one occasion engages in conduct directed at another person with the intent to place, or with the knowledge that the conduct places, that other person in reasonable fear of death, criminal sexual assault, or bodily injury to that other person or to that other person's spouse or child . . . .

In order to obtain a conviction under Code § 18.2-60.3, the Commonwealth must prove three elements. First, the Commonwealth must prove the defendant engaged in multiple instances of conduct directed at a person or that person's spouse or child. Second, the Commonwealth must prove that this conduct caused that person or their spouse or child to experience reasonable fear of death, criminal sexual assault, or bodily injury. Third, the Commonwealth must prove that the defendant either intended to cause this fear or knew that it would result from his or her conduct.

When considering the sufficiency of the evidence on appeal, "we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). So viewed, the record proved

beyond a reasonable doubt that appellant engaged in repeated conduct directed at the victim. The record indicates that the victim received telephone calls eleven times in rapid succession on March 5, 1995. During four of these calls the appellant made four single-sentence comments, which included: "Okay, let's end it"; "It will never end"; "You know you lied"; and "I'll be out." Upon this proof, the trier of fact could have inferred beyond a reasonable doubt that appellant either made all of the calls or instigated others to make the calls in which no person spoke. The same inferences arise from the eight calls on March 8, when appellant made three comments, including: "Don't be afraid"; "Please pick up"; and "You hate me." Finally, the same inferences arise from the five calls on March 10, and the five calls on March 11.

The evidence also proved beyond a reasonable doubt that the victim was placed in reasonable fear of bodily injury by this conduct. First, the victim testified that these calls made her fearful. Although the victim did not specify that she was afraid for her physical well-being, the evidence in the record of the dynamics of her relationship with appellant supplied the necessary context for the trial court to conclude that she reasonably feared bodily injury or one of the other evils listed in Code § 18.2-60.3. The victim testified that her relationship was "abusive." In addition, the evidence of appellant's prior conviction established that on at least one other occasion,

appellant had engaged in conduct that made the victim reasonably fear for her physical safety. Against this background, the victim was subjected to a barrage of unwelcome phone calls that included a reference to appellant's impending release date from jail and the never-ending nature of his relationship with the victim. Based on these facts, we cannot say that the trial court lacked evidentiary support to conclude that appellant's conduct caused the victim to experience a reasonable fear of bodily harm.

Finally, evidence proved beyond a reasonable doubt that appellant knew that his jail cell phone calls would place the victim in fear of bodily harm. Appellant was a party to the relationship described by the victim as "abusive." In addition, he was aware from his previous stalking conviction that his conduct in the past had caused the victim to reasonably fear physical violence by him. Finally, the victim's silent demeanor on the phone immediately indicated to appellant that his phone calls were not welcome. Appellant acknowledged that he was causing the victim to experience fear on March 8 when he said, "Don't be afraid." Thus, the trial court had a factual basis to conclude that appellant knew that his continued barrage of phone calls would be interpreted by the victim as indicative of an impending physical threat. We hold that the evidence was sufficient to prove that appellant stalked the victim in violation of Code § 18.2-60.3.

III.

CONSTITUTIONALITY OF CODE § 18.2-60.3

Appellant contends that Code § 18.2-60.3 is unconstitutionally vague and overbroad, both on its face and as applied to him. We disagree.

"In assessing the constitutionality of a statute, we must presume that the legislative action is valid. The burden is on the challenger to prove the alleged constitutional defect." Perkins v. Commonwealth, 12 Va. App. 7, 14, 402 S.E.2d 229, 233 (1991).

A.

Appellant asserts that Code § 18.2-60.3 is unconstitutionally vague because it does not adequately inform ordinary citizens of what actions are proscribed as stalking. Appellant's attack of the stalking statute appears aimed at the "reasonable fear" element of the crime. He argues the statute is vague because it proscribes a limitless range of conduct, including speech, that is not actually threatening to the victim but is deemed illegal because of the victim's purely subjective fears. He argues that the statute is vague as applied to him because, as an incarcerated citizen who had no opportunity to harm the victim, he could not possibly have known that his conduct would subject him to prosecution under Code § 18.2-60.3. We disagree.

A penal statute is unconstitutionally void-for-vagueness if

it does not "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolendar v. Lawson, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858, 75 L.Ed.2d 903 (1983).

> This doctrine protects two due process interests. First, it requires "that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." Second, it prevents arbitrary and discriminatory enforcement by requiring that "laws . . . provide explicit standards to those who apply them."

Coleman v. City of Richmond, 5 Va. App. 459, 466, 364 S.E.2d 239, 243, reh'g denied, 6 Va. App. 296, 368 S.E.2d 298 (1988) (quoting Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S. Ct. 2294, 2298-99, 33 L.Ed.2d 222 (1972)). The vagueness doctrine recognizes that legislatures encounter "practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." Colten v. Kentucky, 407 U.S. 104, 110, 92 S. Ct. 1953, 1957, 32 L.Ed.2d 584 (1972). As a result, penal statutes need only define crimes to "'a reasonable degree of certainty.'" Woolfolk v. Commonwealth, 18 Va. App. 840, 850, 447 S.E.2d 530, 535 (1994) (quoting Boyce Motor Lines v. United States, 342 U.S. 337, 340, 72 S. Ct. 329, 331, 96 L.Ed. 367 (1952)).

We hold that Code § 18.2-60.3 is not unconstitutionally

vague either on its face or as applied to appellant.  Both the "reasonable fear" element and the requirement of specific intent make the statute sufficiently clear to inform both citizens and law enforcement officers of what acts constitute stalking. First, the objective "reasonable fear" element provides considerable guidance about the scope of stalking under Code § 18.2-60.3.  By qualifying the word fear with the word "reasonable," the General Assembly intended to limit the reach of Code § 18.2-60.3 to conduct that would render an ordinary, reasonable person in the victim's circumstances in fear for his or her physical well-being.  Contrary to appellant's assertions, this objective standard protects citizens who engage in non-threatening day-to-day contact with others from surprise prosecution because the conduct proscribed by Code § 18.2-60.3 "does not vary with the particular psychological makeup of the victim."  Woolfolk, 18 Va. App. at 849, 447 S.E.2d at 535.

In addition, the "reasonable fear" element restrains law enforcement officers who investigate reports of stalking from arbitrarily enforcing Code § 18.2-60.3 because they have an objective baseline with which to evaluate the victim's complaint. Under this objective standard, the statute provides adequate notice that it proscribes repeated conduct that is either an express threat of physical harm or would be reasonably interpreted by the victim as a threat of impending physical harm in light of the history of the parties' relationship.

-9-

The requirement of specific intent also enhances the delineation in Code § 18.2-60.3 of stalking from otherwise legal conduct. Citizens know that they are subject to prosecution for causing reasonable fear in others only if they intended their conduct to have this effect or know that it will have that effect. Appellant interprets Code § 18.2-60.3 to reach Orwellian proportions and argues that the statute is so vague that ordinary telephone solicitation, bill collecting and political polling could be deemed stalking. However, the inclusion of the requirement of specific intent or knowledge provides notice to individuals engaging in these activities in an ordinary manner that they are not stalking their callers within the meaning of Code § 18.2-60.3 unless they intend to do so or know that they are doing so. "By requiring specific intent in conjunction with more than one overt act, the statute gives a person of ordinary intelligence a reasonable opportunity to know what is proscribed." Woolfolk, 18 Va. App. at 851, 447 S.E.2d at 536 (citing Boyce, 342 U.S. at 342, 72 S. Ct. at 331-32 (stating that requirement of specific intent does much to destroy any force in argument that statute is vague)).

We also hold that Code § 18.2-60.3 was not unconstitutionally vague as applied to appellant. The language of the statute gave him reasonable notice that his conduct in this case was stalking. The evidence proved that appellant engaged in frenzied sprees of phone calls that he knew would

cause the victim to worry for her safety upon his pending release from jail. He was aware of his past abusive relationship with the victim and the fact that he had previously been convicted for placing her in reasonable fear of bodily harm. He knew that his release date from jail was in two months. Appellant also knew from his first few calls on March 5 that his contact with the victim was unwelcome. Undaunted by this knowledge, he continued his barrage of calls. On March 5, he told the victim, "I'll be out," and, "It will never end." On March 8, appellant indicated his own awareness that his calls made the victim fearful when he said to her, "Don't be afraid." He proceeded to call her two more times on March 8, five times on March 10, and five times on March 11. Contrary to appellant's characterization, this series of calls is not indicative of a benign lover's quarrel. Instead, when viewed in context, appellant's calls were part of a concerted effort to plant fear in the victim's mind that his conduct would escalate into actual physical violence upon his release from jail. This type of intentional campaign of intimidation is within the clear ambit of Code § 18.2-60.3.

## B.

## OVERBREADTH

Appellant contends that Code § 18.2-60.3 is unconstitutionally overbroad because it chills protected speech. Appellant argues that the face of the statute prohibits legitimate speech by a lover attempting to reconcile a dispute

-11-

with his or her companion.  Appellant argues that the statute is overbroad as applied to him because he was attempting such a reconciliation by calling the victim from his jail cell.  He also asserts that his conviction was based solely on the content of his short messages during these calls.  We disagree.

A statute may be overbroad if it "is one that is designed to burden or punish activities which are not constitutionally protected, but the statute includes within its scope activities which are protected by the First Amendment."  Woolfolk, 18 Va. App. at 851, 447 S.E.2d at 536 (citation omitted).  Overbreadth is a doctrine whose reach dissipates when a statute proscribes primarily conduct and not speech.  If a penal statute proscribes both conduct and speech, "the overbreadth of the statute must . . . be substantial . . . in relation to the statute's plainly legitimate sweep."  Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S. Ct. 2908, 2917-18, 37 L.Ed.2d 830 (1973).  "[T]here must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court for [the statute] to be facially challenged on overbreadth grounds."  City Council v. Taxpayers for Vincent, 466 U.S. 789, 800-01, 104 S. Ct. 2118, 2126, 80 L.Ed.2d 772 (1984) (citation omitted) (footnote omitted).

We hold that Code § 18.2-60.3 is not facially overbroad. The statute's purpose is legitimate:  to protect innocent citizens from intentional or knowingly threatening conduct that

subjects them to a reasonable fear of physical harm. Furthermore, the statute is tailored so that it does not substantially infringe upon speech protected by the First Amendment. It regulates the manner in which individuals interrelate with one another and prohibits individuals from communicating with others in a way that is intended or known to cause fear of physical harm. Code § 18.2-60.3 is not directed primarily at speech nor does it overreach to prevent contact, speech or otherwise, between quarreling lovers as appellant suggests. Indeed, the statute permits all communications between individuals that are conducted in a time, place and manner that do not intentionally or knowingly cause the receiver of the message reasonably to fear for his or her physical safety. The statute's legitimate sweep does not portend any substantial burden on constitutionally protected conduct, and we find no realistic danger that the statute will compromise the First Amendment rights of parties not before the Court.

Turning to appellant's conduct, we hold that Code § 18.2-60.3 was not overbroad as applied to him. Contrary to his assertion, appellant was not convicted of stalking solely because of the seven sentences he uttered on March 5 and March 8. He violated the stalking statute because he made a barrage of calls to a person with whom he had an abusive relationship with the knowledge that the calls caused the victim to reasonably fear bodily injury at his hands. Appellant's intimidating phone

contact and veiled threats rendered his interaction with the victim from March 5 to March 11 without constitutional protection and violative of Code § 18.2-60.3.

For the foregoing reasons, we affirm the conviction of stalking in violation of Code § 18.2-60.3.

Affirmed.
