COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Clements
Argued at Alexandria, Virginia


NORMAN LESTER GILBERT, S/K/A
 NORMAN LESTER GILBERT, IV

MEMORANDUM OPINION[*] BY
v.    Record No. 0418-00-2          JUDGE JEAN HARRISON CLEMENTS
                                         MAY 22, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William H. Ledbetter, Jr., Judge

Mark S. Gardner (Gardner, Maupin & Sutton,
P.C., on brief), for appellant.

Shelly R. James, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Appellant Norman Lester Gilbert, IV, was convicted in a bench trial of, among other crimes, stalking in violation of Code § 18.2-60.3. On appeal, he contends the evidence was not sufficient to sustain the conviction. We disagree and affirm the conviction.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts necessary to a disposition of this appeal.

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). We may not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact[ ]finder's determination." Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).

Specifically, Gilbert claims the Commonwealth failed to prove beyond a reasonable doubt that, on at least two occasions, he either intended to place the victim in reasonable fear of death, criminal sexual assault, or bodily injury, or knew that such fear would result from his conduct. While conceding he made numerous telephone calls to the victim over a three-week period in August 1999, Gilbert asserts he intended no harm to her and had no knowledge that any of his calls placed her in fear. Gilbert

-

further argues that the victim had no reasonable cause based on his conduct to fear death, criminal sexual assault, or bodily injury. Thus, he concludes, the evidence was insufficient to prove he was guilty of stalking in violation of Code § 18.2-60.3.

Code § 18.2-60.3 provides, in pertinent part:

> Any person who on more than one occasion engages in conduct directed at another person with the intent to place, or with the knowledge that the conduct places, that other person in reasonable fear of death, criminal sexual assault, or bodily injury to that other person or to that other person's family or household member shall be guilty of a Class 1 misdemeanor.

Thus, to convict Gilbert of stalking under Code § 18.2-60.3, the Commonwealth had to prove beyond a reasonable doubt that, on at least two occasions, Gilbert either intended to cause the victim fear of the enumerated harms or knew his conduct would cause the victim such fear. See Bowen v. Commonwealth, 27 Va. App. 377, 380, 499 S.E.2d 20, 22 (1998). The knowledge of the accused may be inferred from the surrounding facts and circumstances. See Parker v. Commonwealth, 24 Va. App. 681, 686, 485 S.E.2d 150, 152-53 (1997). Furthermore, in drawing inferences from all the circumstances, the fact finder may discount a defendant's explanation for his acts. See Woolfolk v. Commonwealth, 18 Va. App. 840, 845, 447 S.E.2d 530, 532 (1994).

The trial court found by inference that, on at least two occasions, Gilbert knew his conduct placed the victim in reasonable fear of criminal sexual assault or bodily injury. Our

-

review of the record convinces us that the trial court's finding is supported by the evidence and is not plainly wrong.

The evidence presented at trial established that Gilbert, a friend of the victim's boyfriend, began making daily telephone calls to the victim in early August 1999 from his grandparents' home in North Carolina. The victim, who was seventeen years old, did not know Gilbert very well and had not given him her telephone number. Gilbert initially told the victim he wanted to talk to her about how he had changed and "found God." They discussed God and going to church, and he invited her to his baptism. Gilbert also told her he had tried to commit suicide. The victim felt that talking with Gilbert would help him, and, knowing he was unstable, she did not want to hurt him. The first couple of calls, according to the victim, were "normal," "friendly" conversations during which Gilbert was "very nice" and "polite."

Then, "out of nowhere," Gilbert began to interject "a lot of sexual comments" into their conversations, telling the victim that he would "love to have sex with" her, "to be inside of" her, "to get head from" her. Gilbert also called the victim at work, sometimes "over and over in the same day." She would make up excuses to avoid having to talk to him. On one such occasion, when she said she could not talk because she was busy, he replied, "I guess I can't get head then." Gilbert also made sexual comments about her friends, saying that one of them was going to

-

"give him some head" and that he was going to "get stuff" from another.

The victim, who was "scared" by Gilbert's "bizarre behavior" of "suddenly making these sexual comments," attempted to change the subject when Gilbert brought up sexual matters. During one such attempt, as the victim was describing items she owned that were her favorite color, Gilbert told her not to wear her yellow bathing suit around him "because I'll rape you." When the victim protested, "No, you won't," Gilbert responded, "Yes, I will." The victim testified that the rape comment made her "very scared, because [Gilbert] said it so seriously, and he didn't back down when [she] said, 'No, you won't.'"

At the victim's request, her boyfriend told Gilbert to stop calling the victim because she was scared of him, but Gilbert continued to call. On August 23, 1999, following his arrest for assault and battery and breaking and entering the home of friends of the victim, Gilbert called the victim from jail. When the victim refused Gilbert's request for help in getting bail money for him, he threatened her by saying he would "remember that" when he got out of jail. Afraid of Gilbert, the victim told him to never call her again and had a block placed on her phone number to prevent him from calling her from the jail.

We hold that this evidence amply supports the trial court's conclusion that, on at least two occasions, Gilbert knew his conduct placed the victim in fear of criminal sexual assault or

-

bodily injury and that the victim's fear was reasonable.  See

Parker, 24 Va. App. at 685-86, 485 S.E.2d at 152-53.  Accordingly,

the judgment of the trial court is affirmed.

Affirmed.