COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Chafin and O'Brien
Argued at Fredericksburg, Virginia

DONALD DRAVELL ROBINSON

MEMORANDUM OPINION* BY
v.       Record No. 1959-16-4                   JUDGE TERESA M. CHAFIN
JUNE 26, 2018

LOUDOUN COUNTY

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Rachel D. Robinson, Assistant Public Defender (Elizabeth Jean
Lancaster, Deputy Public Defender, on briefs), for appellant.

Jason L. Grace, Assistant Commonwealth's Attorney for Loudoun
County, for appellee.


Donald Dravell Robinson appeals his conviction of hindering a deputy sheriff in the

performance of his or her duties, in violation of Loudoun County Ordinance § 654.09.  On

appeal, he argues the county ordinance is both unconstitutionally vague on its face and overbroad

as applied to speech.[1]  For the reasons stated below, we disagree and affirm the judgment of the

trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commonwealth argues that the appeal should be dismissed for lack of jurisdiction because Loudoun County was not joined as a necessary party.  However, the Commonwealth has represented the County at every stage of this case, and this Court sees no reason why the representation should not continue.  In addition, the attorney for Loudoun County received notice of this pending appeal but took no action.  See Ghameshlouy v. Commonwealth, 279 Va. 379, 394, 689 S.E.2d 698, 705-06 (2010); Roberson v. Commonwealth, 279 Va. 396, 408, 689 S.E.2d 706, 713 (2010); Woody v. Commonwealth, 53 Va. App. 188, 197, 670 S.E.2d 39, 44 (2008).

## Background

On October 22, 2015, Loudoun County Deputies Christman, Keough, Smith, and Diaz went to a residence in Ashburn to serve a felony arrest warrant on Robinson. Christman and Keough knocked on the door and announced their presence. They observed Robinson looking through the windows around the front door, but he refused to respond or open the door. After approximately one half-hour, the deputies obtained permission from a supervisor to execute a forced entry.

Entry was made, and the residence was swept for occupants. Smith heard a "thud" and the sound of leaves crunching coming from the back of the outside of the home. The deputies and a canine unit located Robinson in a neighbor's backyard hiding behind a fence. Robinson was then arrested and served with the felony warrant. From the initial knock and announce to the arrest, nearly an hour passed. Robinson was next taken before a magistrate and charged with hindering a deputy sheriff in the performance of her duties in violation of Loudoun County Ordinance § 654.09. Robinson was convicted by a jury of this charge and was sentenced to pay a fine of $2,500. Robinson now appeals to this Court.

## Analysis

Robinson's assignments of error raise the purely legal questions of constitutional interpretation and statutory construction. As such, this Court will review them under a *de novo* standard of review. Lawlor v. Commonwealth, 285 Va. 187, 236, 738 S.E.2d 847, 875 (2013).

The challenging party bears the heavy burden of proving that an act is unconstitutional. Webb v. Commonwealth, 32 Va. App. 337, 347, 528 S.E.2d 138, 143 (2000). The presumption that all laws are constitutional is "one of the strongest known to the law." Id. "[E]very reasonable doubt regarding the constitutionality of a legislative enactment must be resolved in favor of its validity." Marshall v. N. Va. Transp. Auth., 275 Va. 419, 428, 675 S.E.2d 71, 75

(2008).  "[I]f a statute or ordinance can be construed reasonably in a manner that will render its terms definite and sufficient, such an interpretation is required."  Tanner v. City of Virginia Beach, 277 Va. 432, 438-39, 674 S.E.2d 848, 852 (2009).  "Accordingly, 'only where the statute in issue is "plainly repugnant" to a constitutional provision [should a court] declare it null and void.'"  Elizabeth River Crossings OpCo, LLC v. Meeks, 286 Va. 286, 301, 749 S.E.2d 176, 183 (2013) (quoting Jamerson v. Womack, 244 Va. 506, 510, 423 S.E.2d 180, 183 (1992)).

Our "first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct."  Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982).  If it does not, then Robinson's overbreadth challenge fails.  Id.  Our next task is to "examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications."  Id. at 494-95.

A.  Overbreadth

To begin our analysis, we consider whether Loudoun County Ordinance § 654.09 is unconstitutionally overbroad.  An enactment will be deemed unconstitutionally overbroad if it is "designed to burden or punish activities which are not constitutionally protected, but the statute includes within its scope activities which are protected by the First Amendment."  Parker v. Commonwealth, 24 Va. App. 681, 690, 485 S.E.2d 150, 154 (1997) (quoting Woolfolk v. Commonwealth, 18 Va. App. 840, 851, 447 S.E.2d 530, 536 (1994)).  If an enactment prohibits both speech and conduct, "the overbreadth of the statute must . . . be substantial . . . in relation to the statute's plainly legitimate sweep."  Id. at 690, 485 S.E.2d at 155 (quoting Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973)).  Furthermore, courts are particularly hesitant to invalidate a statute as facially overbroad when the conduct prohibited "falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls

over harmful, constitutionally unprotected conduct." Broadrick, 413 U.S. at 615; see also Singson v. Commonwealth, 46 Va. App. 724, 745-46, 621 S.E.2d 682, 692 (2005). Reviewing courts should resort to the invocation of the overbreadth doctrine only in the limited situations where there is "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court for [the statute] to be facially challenged on overbreadth grounds." Woolfolk, 18 Va. App. at 852, 447 S.E.2d at 536 (quoting City Council v. Taxpayers for Vincent, 466 U.S. 789, 801 (1984)). The judicial invalidation of an enactment on the grounds of overbreadth is "strong medicine" that should not be "casually employed." United States v. Williams, 553 U.S. 285, 293 (2008) (citation omitted).

First, we must "construe the challenged statute" as "it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." Id. Our assessment must be based on the actual text of the ordinance and any judicially imposed limiting constructions. Boos v. Barry, 485 U.S. 312, 329 (1988).

The ordinance at issue in this case, Loudoun County Ordinance § 654.09, states, "No person shall resist, hinder or obstruct any Deputy Sheriff in making an arrest, in serving a warrant, order, notice or process or in the performance or discharge of any of his or her duties."

Robinson argues on appeal that the facially "broad, sweeping language" in the Loudoun County ordinance "prohibits *any* conduct, including speech, that 'resists, hinders, or obstructs' any deputy in the performance of any of his duties." As such, Robinson contends that the language "criminalizes the behavior of protestors or activists; the questions posed to deputies by bystanders, the press, or the accused; and the speech and expression of individuals who may not know they are encountering a deputy." He further argues that the ordinance "criminalizes protected behavior because it contains no limitation or narrowing language to proscribe only

- 4 -

unprotected speech," such as a requirement that an action be accomplished by "threat, force, or intimidation or that it be accomplished without accident, just cause, or lawful purpose."

We find no merit in Robinson's contention that a substantial amount of protected speech is implicated by the ordinance. The plain language of Loudoun County Ordinance § 654.09 is clear and unambiguous, targeting only constitutionally unprotected actions and speech – specifically, intentional conduct that "impedes, obstructs, or slows" a deputy who is performing his or her duties.

"When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Kozmina v. Commonwealth, 281 Va. 347, 349-50, 706 S.E.2d 860, 862 (2011) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)). "Additionally, 'the plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.'" Id. at 350, 706 S.E.2d at 862 (quoting Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007)).

The plain meaning of the Loudoun County ordinance is directed at regulating conduct that may impede the scope of an investigation or threaten the safety of a deputy or the public. As such, the activities encompassed by the ordinance are not protected by the First Amendment. Loudoun County Ordinance § 654.09 "falls within the scope of . . . valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct." Singson, 46 Va. App. at 745-46, 621 S.E.2d at 692. Accordingly, we hold that Loudoun County Ordinance § 654.09 is not substantially overbroad, and we will not strike it down as unconstitutional and facially overbroad. Furthermore, if any

overbreadth does exist, it can be cured on a case-by-case basis. See Broadrick, 413 U.S. at 615-16.

Robinson further contends that Loudoun County Ordinance § 654.09 is unconstitutionally overbroad as it applies to him in this particular case. We find this argument is without merit. Contrary to Robinson's argument, we note that Robinson's actions undeniably show an effort to "resist, hinder, or obstruct" the law enforcement officers in the course of their duties. For example, Robinson's refusal to answer the door (despite peering out the window at the officers) turned what would have been a routine serving of an arrest warrant into an incident that lasted nearly an hour. Robinson's conduct necessitated a forcible entry in which the officers had to break down the door to enter the residence in order to be able to arrest him. Additionally, Robinson's attempt to elude the officers by fleeing out another door of the residence into a neighbor's yard resulted in the need to utilize a canine unit to locate him on the adjacent property, where he was hiding behind a fence. The trial court noted that there were no statements issued by Robinson that bolstered charges against him. However, Robinson's actions in this case are not protected by the First Amendment, and in short, his actions – not his speech – violated the plain language of the ordinance.

## B. Vagueness

Robinson next contends that the ordinance at issue is vague as to what conduct is prohibited, and thus, violates the Due Process Clause of the Fourteenth Amendment. Specifically, Robinson argues that individuals are expected to know what "questions or hesitations" are "too much" for any particular deputy. Using Robinson's logic, an individual "must ask no questions and make absolutely no hesitations regardless of circumstance, language barrier, physical capability, intelligence or consciousness."

"A criminal statute is deemed unconstitutionally vague if it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.'" Tjan v. Commonwealth, 46 Va. App. 698, 707, 621 S.E.2d 669, 673 (2005) (quoting Bouie v. Columbia, 378 U.S. 347, 351 (1964)). When there is a facial challenge to the vagueness of a law, the complainant must show that the law is "impermissibly vague in all of its applications." Hoffman Estates, 455 U.S. at 495. "One 'who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" Boyd v. Cty. of Henrico, 42 Va. App. 495, 519, 592 S.E.2d 768, 780 (2004) (quoting Hoffman Estates, 455 U.S. at 495). Consequently, we must "examine the complainant's conduct before analyzing other hypothetical applications of the law." Commonwealth v. Hicks, 267 Va. 573, 581, 596 S.E.2d 74, 78 (2004) (quoting Hoffman Estates, 455 U.S. at 495).

In this case, Robinson failed to answer the door when the deputies came to the residence to serve the warrant. He fled when the deputies resorted to a forced entry after half an hour of attempting a forceless entry. Robinson then hid from the deputies on a neighbor's property. He undoubtedly intended to impede, hamper, and delay the deputies in the performance of their duties. Because the ordinance clearly prohibits Robinson's conduct, Robinson's vagueness challenge fails.

Conclusion

Having concluded that Loudoun County Ordinance § 654.09 is not unconstitutionally overbroad or vague, Robinson's conviction is affirmed.

Affirmed.